**FILED**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

2011 JAN 31 AM 11: 58

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

JANA ALFONSO,                  CASE NO.:
       Plaintiff,

vs.

DRIVE TIME CREDIT CORPORATION, INC., ADAM
JEFFREY KATZ, P.A. and DEREK
SAUNDERS,
Individually.            5:11-CV-44-OC-34TEM

       Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, **JANA ALFONSO**, by and through undersigned counsel, and files this Complaint against the Defendants, **DRIVE TIME AUTO SALES, INC., ADAM JEFFREY KATZ, P.A.** and **DEREK SAUNDERS**, individually, and alleges:

### JURISDICTION

1. Jurisdiction of this Court arises under 28 US.C. § 1331 and pursuant to 15 U.S.C. §1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), the Florida Consumer Collection Practices Act ("FCCPA"), Section 559.55 et seq. of the Florida Statutes, and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Section 501.201 et seq. of the

Florida Statutes, by the Defendant and its agents in their illegal efforts to collect a consumer debt from the Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff is a natural person who resides in Ocala, Marion County, Florida and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) Sections 559.55(2) and 501.203(7), Fla. Stat.

5. Defendant, Drivetime Credit Corporation, Inc., hereinafter "Defendant Drivetime" is a corporation

6. Defendant, Jeffrey Katz, P.A., (hereinafter "Defendant Katz") is a collection agency operating from an address of 5571 N. University Drive, Suite 203, Coral Springs, Florida 33067 and is a "debt collector" as that term is defined by 15 U.S.C §1692a(6).

7. Defendant Derek Saunders (hereinafter "Defendant Saunders") is a natural person who was employed at all times relevant herein by Defendant Katz as a collection agent and/or account manager and is a "debt collector" as that term is defined by 15 U.S.C §1692a(6).

## FACTUAL ALLEGATIONS

8. On or about May 15, 2009 Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Section 559.55(1), Fla. Stat. namely a loan for a 2006 Chevrolet Cobalt purchased by the Plaintiff from Defendant Drivetime.

9. On or about February, 2010 and continuing to present, Defendant Drivetime representatives began phoning Plaintiff daily on some occasions up to six times a day in an effort to collect the debt

10. On March 15, 2010, Plaintiff, unable to pay numerous debts, including the car debt to Defendant Drivetime, Plaintiff filed bankruptcy. Defendant Drivetime was notified that Plaintiff was under bankruptcy protection.

11. Despite being on notice that Plaintiff was under protection, Defendant Drivetime by and through its agents continued to contact Plaintiff directly to collect the debt. On or about March 16, 2010, Defendant Drivetime's representative phoned Plaintiff in an attempt to collect payment on the debt. Plaintiff informed Defendant's representative that she had filed for bankruptcy, that she was now represented by counsel and asked that she not to be contacted regarding the debt again.

12. On or about March 17, 2010 Defendant phoned Plaintiff at her place of employment in an attempt to collect on the debt. Plaintiff asked that she not be contacted again, specifically, not at her place of employment. Defendants disregarded Plaintiff's request and repeatedly phoned Plaintiff's place of employment as well as cellular phone.

13. On or about April 2010, Defendant's representatives phoned an acquaintance of the Plaintiff inquiring as to Plaintiff's whereabouts..

14. On or about September 13, 2010 Plaintiff received a letter signed by Defendant Saunders. (Exhibit A)

15. The letter, which was on lawfirm letterhead, stated that the original creditor, Defendant Drivetime, had turned the debt over to a law firm and that Defendant Katz and Defendant Saunders had been retained to collect the debt. The letter was

entitled "Drivetime Credit Corporation vs. Jana Gail Alfonso". The first sentence states, "Please be advised that the undersigned represents DRIVETIME CREDIT CORP.". Upon receipt of the letter Plaintiff believed that the letter had been personally drafted and signed by an attorney. Defendant Saunders is not a member of the Florida Bar.

16. On or about December 7, 2010 Plaintiff received a phone call at her place of employment from an agent of Defendant Katz. The agent informed Plaintiff that they were a representative of Defendant Drivetime and asked Plaintiff whether she had been served a summons and complaint at her home or place of work by the Marion County Sheriff. Plaintiff responded that she had not been served by anyone.

17. The agent next warned the Plaintiff that if she did not pay the total amount of her debt, which was alleged to be $10,000, a lawsuit would be filed against her and a judge would garnish 25% of her wages until such time as the entire debt was paid off.

18. Defendant's agent then informed Plaintiff that she should consider herself served via telephone and informed her that it was no longer necessary for the sheriff to serve her with a summons and complaint.

19. To date none of the Defendants have filed a lawsuit against the Plaintiff.

## *Summary*

All of the above-described collection actions and communications made to Plaintiff by Defendants and their employees were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d, 1692e, 1692e(2), 1692e(5) and 1692e(10), 1692f(6) amongst others, the FCCPA, including but not limited to Section 559.72 (7) and (9).

20. The "least sophisticated consumer standard" is consistent with basic consumer protection principals. *Jeter v. Credit Bureau, Inc.* 760 F.2d 1168 at 1172-75 (11th Cir. 1985). "The law was not made for the protection of experts, bur for the public-that vast multitude which includes the ignorant, the unthinking, and the credulous." Id. at 1172-73 (quoting in part Fed. Trade Comm'n v. Standard Educ. Society, 302 U.S. 112, 116, 58 S.Ct. 113 82 L.ed. 141 (1937). Defendants illegal abusive collection communications which included threatening to garnish Plaintiff's wages, implying that a lawsuit had been filed against Plaintiff by entitling one of their communications "Drivetime Credit Corporation vs. Jana Alfonso" as well as informing Plaintiff that she had been served via telephone would all lead the "least sophisticated consumer" to believe that these threats and statements were true.

21. Defendants' illegal abusive collection communications, as more fully described above, were the direct and proximate cause of emotional distress on the part of Plaintiff and caused her unnecessary personal strain.

22. Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions.

### TRIAL BY JURY

23. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P.38.

### CLAIMS FOR RELIEF

### COUNT I: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

24. Plaintiff incorporates by reference paragraphs seven (7) through nineteen (19) of this Complaint as though fully stated herein.

25. The foregoing acts of Defendants and their agents to collect on the debt constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

26. As a result of Defendants violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)( A): and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants.

### COUNT TWO: VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### Section 559.55 et seq., Fla. Stat.

27. Plaintiff incorporates by reference paragraphs seven (7) through nineteen (19) of this Complaint as though fully stated herein.

28. As a result of Defendants violations of the FCCPA, Plaintiff is entitled to actual damages and statutory damages in an amount up to $1,000.00 and reasonable attorney's fees and costs pursuant to Section 559.77 from Defendant.

29. Additionally, Section 559.77 provides a court may award punitive damages as well as equitable relief to Plaintiff such as enjoining further illegal collection activity.

*Respondeat Superior Liability*

30. The acts and omissions of these individual collectors, and the other debt collectors employed as agents by Defendants Drivetime and Katz who communicated

with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principals, Defendants Drivetime and Katz.

31. The acts and omissions by these individual employees were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendants Drivetime and Katz in collecting consumer debts.

32. By committing these acts and omissions against Plaintiff, these individual collectors were motivated to benefit their principals, Defendants Drivetime and Katz.

33. Defendants Drivetime and Katz are therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FCCPA in their attempts to collect this debt from Plaintiff.

## COUNT THREE: INVASION OF PRIVACY BY INTRUSION UPON SECLUSIONAND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

34. Plaintiff incorporates by reference paragraphs seven (7) through nineteen (19) of this Complaint as though fully stated herein. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings (The Florida Legislature has given great weight to the FDCPA. Florida Statue § 559.552):

> **<u>Abusive debt collection practices contribute</u>** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

35. Congress further recognized a consumer right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information. 15 U.S.C. § 6801(a) (emphasis added).

36. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

37. Defendants also intentionally and/or negligently interfered physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by unlawfully disclosing information about this debt to third parties, and thereby invaded Plaintiff's right to financial privacy.

38. Defendants and their agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

39. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

40. The conduct of these Defendants and their agents, in engaging in the above described illegal collection against the Plaintiff, resulted in multiple intrusions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

41. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

WHEREFORE, Plaintiff, demands judgment against Defendants for damages, attorney's fees, costs, interest, and such other relief as this Court deems just and equitable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants:

### COUNT I: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C.§ 1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendants and for Plaintiff; and

- for such other relief as this Court deems just and proper.

### COUNT II: VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### Section 559.55 et seq., Fla. Stat.

- for an award of actual damages pursuant to Section 559.77 against Defendants and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to Section 559.77 against Defendants and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to Section 559.77 against Defendants and for Plaintiff;

- for an injunction to enjoin further collection and transfer of the alleged debt and requiring that the debt be removed from Plaintiff' credit reports; and for such other relief as this Court deems just and proper.

**COUNT III: INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY**

- for an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff; and

- for such other and further relief as may be just and proper.

**COLLINS & STORY, P.A.**

MAX STORY, ESQ.
Florida Bar No. 527238
JENNIFER MCCARTHY, ESQ.
Florida Bar No. 86793
233 East Bay Street, Suite 920
Jacksonville, FL 32202
Telephone: (904) 355-0805
Email: jennifermccarth01@gmail.com
Attorneys for Plaintiff